IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELBERT KIRBY and KAY KIRBY, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TULSA COMMUNITY COLLEGE, )<br>BOARD OF REGENTS TCC AKA, )<br>PAUL CORNELL, ROBIN BALLENGER, )<br>MARTIN GARBER, SAMUEL COMBS, )<br>CARON LAWHORN, RONALD LOONEY, )<br>BILL MCKAMEY, )<br>BRYAN ALLEN PLANK, )<br>and PLANK LAW FIRM, )<br>)<br>Defendant. ) | Case No. 17-CV-00224-TCK-FHM |

## OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Strike Plaintiffs' Second Amended Complaint. (Doc. 31.) For the reasons discussed below, Defendants' Motion is **DENIED**.

I.  **Procedural History**

Plaintiffs Elbert and Kay Kirby ("Plaintiffs") are *pro se* litigants proceeding *in forma pauperis*. (Doc. 4.) They filed their initial complaint in this proceeding on April 25, 2017 (Doc. 2), and filed a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) ("Rule 15(a)(1)(B)") on December 5, 2017, in lieu of a response to two motions to dismiss. (Doc. 27.) Defendants filed motions to dismiss the FAC on December 18 and 19, 2017. (Docs. 28 and 29.)

Plaintiffs filed a Second Amended Complaint ("SAC") on January 9, 2018. (Doc. 30.) Defendants filed a Joint Motion to Strike the SAC on January 12, 2018, alleging that Plaintiffs failed to comply with Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") by failing to seek Defendants' written consent or leave of the Court to file the SAC, and that this failure and the

1

associated delay have prejudiced them. (Docs. 31 and 36.) Plaintiffs do not dispute that they failed to comply with Rule 15(a)(2), but state in their Response that they "had not realized that the final cause of action was left off and subsequently attempted to cure this by filing their Third [sic] Amended Complaint to properly address the immunity claims." (Doc. 34.) In the SAC, Plaintiffs added the "Twenty-Sixth Cause of Action: Fraud and Identity Theft, 18 U.S.C. § 1028 & 21 Okla. Stat. 21-1533," as well as sentences to at least paragraphs 28, 32, and 33.

## II. Motion to Strike Standard

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") permits the Court to strike "any redundant, immaterial, impertinent or scandalous matters" from a pleading. "Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Oilfield Improvements, Inc. v. Coston*, No. 10-CV-577-TCK-TLW, 2012 U.S. Dist. LEXIS 68104, at *3 (N.D. Okla. May 15, 2012) (internal citations omitted); *see* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. ed. 2012). Motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Wright & Miller, *supra*, § 1382; *see Parker v. City of Tulsa*, No.16-cv-0134-CVE-TLW, 2016 U.S. Dist. LEXIS 149669, at *3 (N.D. Okla. Oct. 28, 2016). Prejudice includes the increased time and expense required to conduct discovery or prepare for trial on an irrelevant contention. *See Parker*, 2016 U.S. Dist. LEXIS 149669, at *3. For example, in *Parker*, the Court granted a motion to strike plaintiff's guilt as an affirmative defense, as guilt could not legally constitute an affirmative defense. Finally, regardless of whether the moving party has demonstrated that the allegations contained in the pleading violate Rule 12(f), the Court still possesses the discretion to grant or deny the motion. *See Big Cats of Serenity Springs, Inc. v. Vilsack*, 84 F. Supp. 3d 1179,

1198 (D. Colo. 2015); *see also* Wright & Miller, *supra*, § 1382 (the district court possesses considerable discretion in disposing of a Rule 12(f) motion); *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 978 (N.D. Okla. 2017).

**III.    Analysis**

In this case, Defendants claim that they have been prejudiced by Plaintiffs' disregard of procedural rules in filing the SAC in violation of Rule 15(a)(2), and the associated delay. Though it is undisputed that Plaintiffs have failed to comply with Rule 15(a)(2), neither Plaintiffs' violations of procedural rules nor the delay associated with Plaintiffs' amendments are sufficient to demonstrate the prejudice necessary to sustain a Motion to Strike. Unlike in *Parker*, Defendants did not raise the argument that Plaintiffs' additional claims could not legally constitute claims.[1] Accordingly, Defendants can adequately address any deficient causes of action in their Motions to Dismiss. Moreover, due to the Parties' Joint Motions to Extend the Joint Status Report Deadline (Docs. 19, 24, 32, 37, 39, and 41), the parties have not yet undertaken any discovery. The early procedural posture of this case, as well as the limited nature of the amendments, indicate that Defendants will not be required to invest significant additional time in appropriately responding to any new contentions in the SAC. Accordingly, Defendants have not demonstrated prejudice.

Moreover, *McNeil v. Post* does not require a different result. *See* No. 15-cv-478-JHP-PJC, 2016 U.S. Dist. LEXIS 69099, at *3. In *McNeil*, the plaintiff filed three Amended Complaints. The first of these complaints, in addition to "virtually repeating the allegations in the first three pages of his original complaint" and adding no new claims, also failed to attach a certificate of

---

[1] In their reply, Defendants allege that "in both the unauthorized amended complaint [SAC] and in the response to the motion to strike, [Plaintiffs] fail to include any facts to support" their claims under 18 U.S.C. § 1028 and OKLA. STAT. ANN. tit. 21, sec. § 1533.1, and that 18 U.S.C. § 1028 does not provide a private right of action. However, the Court finds it improper to consider an argument first raised in a reply, to which Plaintiffs lacked a meaningful opportunity to respond. *See United States v. Herget*, 585 F. App'x 948, 950-51 (10th Cir. 2014).

3

service. The subsequent amended complaints, which plaintiff filed in violation of Rule 15(a)(2), purported to bring criminal charges against various defendants. In light of plaintiff's disregard for procedural rules, including both violations of Rule 15(a)(2) and failure to attach any proof of service, as well as the absence of legal basis for the criminal allegations to remain on the record, the court granted defendant's motion to strike all three amended complaints.

In this case, however, Plaintiffs' pleadings counsel a different result. Unlike in *McNeil*, Plaintiffs' FAC was timely filed pursuant to Rule 15(a)(1)(B). Similarly, though Plaintiffs did violate Rule 15(a)(2) when they filed the SAC, they did attach a Certificate of Service to their filing. Finally, Plaintiffs' SAC does add new claims and facts, which Defendants have not shown to be legally insufficient. The court's decision in *McNeil* falls short of requiring that every Amended Complaint filed in violation of Rule 15(a)(2) be stricken. In this case, due to Plaintiffs' addition of new claims and facts, their attachment of a Certificate of Service, and Defendants' failure to allege that there is no legal basis for Plaintiffs' new claims, Defendants have not demonstrated the prejudice demonstrated in *McNeil*. Accordingly, *McNeil* does not change the Court's conclusion that Defendants have not demonstrated prejudice sufficient to sustain a motion to strike. Defendants' Joint Motion to Strike is **DENIED**.

Though the Court will accept Plaintiffs' SAC, the Court advises Plaintiffs that if they should seek to make any further amendment, they will be required to comply with Rule 15(a)(2) by filing a motion for leave to amend that states (1) whether Defendants consent to the amendment; and (2) if Defendants have not consented to the amendment, why justice requires the amendment. Any such motion must further state (1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion. *See* LCvR 7.2(l). The Court will not accept any further complaints unless Plaintiffs present compelling circumstances that require further amendment.

**IV. Conclusion**

Defendants' Joint Motion to Strike (Doc. 31) is **DENIED**.

Plaintiffs' Motion for Extension of Time (Doc. 35, filed as part of Doc. 34), is **DENIED** as moot.

Defendants Plank Law Firm's and Bryan Allen Plank's Motion to Dismiss for Failure to State a Claim (Doc. 6); Defendants Robin Ballenger's, Board of Regents TCC's, Samuel Combs's, Paul Cornell's, Martin Garber's, Caron Lawhorn's, Ronald Looney's, Bill McKamey's, and Tulsa Community College's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Doc. 10); Defendants Plank Law Firm's and Bryan Allen Plank's Motion to Dismiss for Failure to State a Claim (Doc. 28); and Defendants Robin Ballenger's, Board of Regents TCC's, Samuel Combs's, Paul Cornell's, Martin Garber's, Caron Lawhorn's, Ronald Looney's, Bill McKamey's, and Tulsa Community College's Motion to Dismiss for Failure to State a Claim (Doc. 29) are **DENIED** as moot, as they all seek to dismiss a Complaint that is no longer operative.

Plaintiffs' SAC will be deemed served upon the entry of this Order. Defendants must file a response consistent with Federal Rule of Civil Procedure 12.

**SO ORDERED.**

**DATED THIS 30th day of May, 2018.**

_____
**TERENCE C. KERN**
**United States District Judge**