IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ELBERT KIRBY and KAY KIRBY, )
)
      Plaintiffs, )
)
vs. ) Case No. 17-CV-00224-TCK-FHM
)
TULSA COMMUNITY COLLEGE, )
BOARD OF REGENTS TCC AKA, )
PAUL CORNELL, ROBIN BALLENGER, )
MARTIN GARBER, SAMUEL COMBS, )
CARON LAWHORN, RONALD LOONEY, )
BILL MCKAMEY, )
BRYAN ALLEN PLANK, )
and PLANK LAW FIRM, )
)
      Defendant. )

## OPINION AND ORDER

Before the Court are the Motions to Dismiss for Failure to State a Claim and for Lack of Jurisdiction of Defendants Bryan Allen Plank and Plank Law Firm ("Plank Defendants") (Doc. 44) and Defendants Robin Ballenger, Board of Regents TCC, Samuel Combs, Paul Cornell, Martin Garber, Caron Lawhorn, Ronald Looney, Bill McKamey, and Tulsa Community College ("TCC Defendants") (Doc. 45). For reasons discussed below, Defendants' Motions are **DENIED** as to Lack of Jurisdiction, but are **GRANTED** as to Failure to State a Claim.

### I.    Background and Factual Allegations

Plaintiffs Elbert and Kay Kirby filed this action on April 25, 2017. They filed a First Amended Complaint on December 5, 2017 (Doc. 27) and a Second Amended Complaint ("SAC") on January 9, 2018 (Doc. 30) (styled as "Third Petition for Redress of Injuries"). Plank Defendants and TCC Defendants filed Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim on June 13, 2018. (Doc. 44 and 45). Plaintiffs have not responded to these motions to dismiss.

1

Despite Plaintiffs' filing two Amended Complaints, the SAC contains few, if any, factual allegations. It appears from the SAC that Plaintiffs allege that Defendants were debt collectors who were engaged in collection activity against Plaintiffs. Plaintiffs allege that they did not owe the debt, but that Defendants made false and misleading representations that they did. Further, Plaintiffs allege that they made repeated, timely requests for Defendants to validate the alleged debt, but that Defendants failed or refused to do so and that Defendants attempted to collect excessive amounts, fees, charges, and expenses from Plaintiffs in a way that was not expressly authorized by "the agreement."

Plaintiffs also allege that Defendants made other false and misleading representations of the alleged debt, including the status of the alleged debt, repeatedly ignored available proof that the alleged debt was "not prosecuted in the name of the real party in interest," communicated personal credit information to Plaintiffs which Defendants knew or should have known to be false, and failed to communicate that the alleged debt was disputed. Plaintiffs further allege that TCC Defendants communicated with them regarding the alleged debt by mailed post card.

Finally, Plaintiffs allege that Defendants did not advise them of their due process rights. They allege that Defendants attempted to take and put a lien on Plaintiffs' property and assets, and that they engaged in taking property via sham judicial proceedings. They also allege that Defendants did not attempt to properly notify Plaintiffs of a pending action, and attempted to use subversive, deceptive, and misleading means to obtain service of process.

Plaintiffs are *pro se* litigants; accordingly, the Court will liberally construe their allegations with regard to both motions to dismiss for lack of jurisdiction and failure to state a claim. *See United States v. 7501 N.W. 210th St.*, 437 F. App'x 754, 758 (10th Cir. 2011) (unpublished) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, if the Court can reasonably

read the pleadings to either demonstrate standing or state a valid claim on which the Plaintiffs would prevail, it should do so "despite the plaintiff[s] failure to cite proper legal authorities, [their] confusion of various legal theories, [their] poor syntax and sentence structure, or [their] unfamiliarity with pleading requirements." *Id*. However, the Court may not assume the role of advocate for *pro se* litigants. *See id*.

## II. Motions to Dismiss for Lack of Jurisdiction

All Defendants have filed Motions to Dismiss for Lack of Jurisdiction for lack of constitutional standing, as Plaintiffs have failed to demonstrate injury in fact (Doc. 44) and traceability (Doc. 45). Because Article III of the Constitution extends the federal courts' judicial power only to "Cases" or "Controversies," Plaintiffs must demonstrate that their case fits within the limits of Article III before the Court may review the merits of the case. *See* U.S. Const. art. III, § 2. The analysis to determine whether a dispute is a "Case" or "Controversy" for the purposes of Article III is the "Constitutional standing" analysis. *See Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005) (internal citations omitted).

Constitutional standing is present if Plaintiffs show that (1) they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See id.* (citing *Friends of the Earth Inc. v. Laidlaw Env. Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). While Plaintiffs bear the burden of showing that they have Constitutional standing, at the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *Id*. Further, the Court must accept all material allegations in the operative complaint, and must construe the complaint in favor of the complaining party. *See United States v. Supreme*

3

*Court*, 839 F.3d 888, 899 (10th Cir. 2016). Alleged statutory violations in a complaint can suffice to establish injury in fact and confer Constitutional standing, but only if those violations demonstrate a concrete injury, rather than a "bare procedural violation" that results in no "concrete harm." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

In this case, Plaintiffs have sufficiently alleged general factual allegations of injury resulting from Defendants' conduct. Plaintiffs have alleged violations of various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 1028 and OKLA. STAT. tit. 21 sec. 1533.1. Plaintiffs also appear to allege, among other things, that Defendants' actions caused the actual or threatened loss of property or assets.[1] (Doc. 30, Causes of Action 4, 6, 7, 9, 10, 12, 19, 20, 21, 22, 24, 25 and 26.) Plaintiffs allegations of statutory violations, in combination with the specific loss or threatened loss of property or assets, are sufficient to establish injury in fact at this early stage of the litigation.

Additionally, to establish injury in fact, the alleged injury must be "particularized," "concrete," and "actual or imminent." *See Spokeo, Inc.*, 136 S. Ct. at 1548. For an injury to be "particularized," it must "affect the plaintiff in a personal and individual way." *Id.* at 1548. Similarly, to be "concrete," an injury must actually exist, though it may be tangible or intangible. *Id.* at 1548-49. Finally, to be "actual or imminent," the injury must not be hypothetical. *See Carolina Cas. Ins. Co.*, 425 F.3d at 926. In this case, because Plaintiffs allege the actual or imminent loss of their own property and assets, the injury is particularized, concrete, and actual or imminent.

---

[1] Though Plaintiffs do not reiterate allegations of the actual or threatened loss of property or assets in every cause of action, the Court must construe the Complaint in favor of the Plaintiffs. Moreover, because Plaintiffs are proceeding *pro se*, the Court must construe their allegations liberally. Accordingly, the Court will apply these allegations of injury in fact to all of Plaintiffs' causes of action despite Plaintiffs' lack of technical pleading skill.

Finally, Plaintiffs have made general allegations of Defendants' conduct sufficient to establish traceability for the purposes of constitutional standing. To establish traceability, Plaintiff must show "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). In this case, Plaintiffs have alleged that Defendants were debt collectors, that they all engaged in debt collection activities against Plaintiffs, and that those activities caused many harms, including at least the actual or threatened loss of property and assets. Accordingly, for the purposes of standing at this early stage in the litigation, the Court finds that Plaintiffs have met their burden to allege general factual allegations of injury resulting from the defendant's conduct.

TCC Defendants argue that Plaintiffs have failed to establish traceability because they have failed to allege "the office or position of the TCC Defendants, including their duties, responsibilities, or obligations." However, TCC defendants fail to cite any authorities for the propositions that these specific allegations are necessary to establish traceability specifically, and fail to present any argument as to why, taking the allegations in the SAC as true, Plaintiffs' alleged injury may be the result of independent action by a third party, or who that third party might be. Absent this argument to consider, the Court finds that Plaintiffs have sufficiently alleged traceability. Finally, because no Defendant has challenged redressability, the Court concludes the SAC adequately alleges facts establishing redressability.

### III. Motion to Dismiss for Failure to State a Claim

All Defendants also have filed Motions to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility" to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In considering a motion to dismiss under Rule 12(b)(6), the Court generally may not consider facts outside of those alleged in the complaint.

In this case, Plaintiffs have alleged claims under the FDCPA pursuant to 15 U.S.C. §§ 1692e; 1692e(8); 1692e(10); 1692f(1); 1692f(7) and 1692(g). All of these statutes govern the

conduct of "debt collectors," which the FDCPA defines, subject to exceptions not relevant in this case, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In this case, despite conclusory allegations that Defendants are debt collectors, Plaintiffs have not alleged sufficient factual matter, accepted as true, to plausibly state that Defendants are debt collectors. Plaintiffs have not alleged any facts regarding either the identity of the Defendants, or anything other than bare, conclusory allegations regarding the actions that they have taken. Moreover, Plaintiffs have not even made bare, conclusory allegations regarding the business in which any Defendants are engaged, or what activities in which they regularly engage, such that the Court might find a reasonable likelihood of Plaintiffs' mustering factual support for their claims under the FDCPA. Accordingly, the Court is left with nothing more than the mere metaphysical possibility that Plaintiffs could prove some set of facts to support their claims under the FDCPA. The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted as to Causes of Action 1-25.

Finally, Plaintiffs have also failed to state a claim under Cause of Action 26, which they have alleged against all Defendants under 18 U.S.C. § 1028 and OKLA. STAT. tit. 21 sec. 1533.1. Plaintiffs have failed to state a claim as to 18 U.S.C. § 1028, because the statute does not provide a private right of action. 18 U.S.C. § 1028 criminalizes fraud in connection with identification documents. *Id.* However, the statute provides no private right of action. *See* 18 U.S.C. § 1028; *Obianyo v. Tennessee*, 518 F. App'x 71, 72-73 (3d. Cir. 2013) (unpublished); *Shophar v. City of Olathe*, No. 15-cv-4961-DDC-KGS, 2017 U.S. Dist. LEXIS 93069, *37-38 (D. Kan. June 16,

2017); *Sump v. Schaulis*, No. 07-4014-RDR, 2007 U.S. Dist. LEXIS 26551, *4 (D. Kan. Apr. 9, 2017). Accordingly, Plaintiffs cannot bring an action under 18 U.S.C. § 1028.

Moreover, Plaintiffs have failed to state a claim as to OKLA. STAT. tit. 21 sec. 1533.1. OKLA. STAT. tit. 21 sec. 1533.1(E) does provide for a civil action under the statute, but such an action must be brought by "[t]he victim of identity theft" and "against any person participating in furthering the crime or attempted crime of identity theft." In this case, though Plaintiffs purport to bring this claim under OKLA. STAT. 21 sec. 1553.1, they have alleged neither the existence of underlying criminal proceedings that establish that they experienced identity theft that violated the statute at the hands of the Defendants, nor any facts to support a reasonable likelihood of Plaintiffs' mustering factual support for the allegation that Defendant may have engaged in identity theft that violated the statute against Plaintiffs. Instead, all that Plaintiffs have alleged is that Defendants "fraudulently, without the knowledge of the Plaintiffs and without Plaintiffs' consent, fraudulently, maliciously, and wantonly use the identity of Plaintiff Elbert Kirby . . . " Without more, these allegations are so general and conclusory so as to encompass a wide swath of conduct, much of it innocent. Accordingly, Plaintiffs have not nudged Cause of Action 26 across the line from conceivable to probable as to OKLA. STAT. tit. 21 sec. 1533.1.[2]

## IV. Dismissal with Prejudice

"Dismissal with prejudice is appropriate where the complaint fails to state a claim and granting leave to amend would be futile." *See Rosenfield v. HSBC Bank*, 681 F.3d 1172, 1189 (10th Cir. 2012) (internal citations omitted). Leave to amend is futile when the complaint, as amended, would be subject to dismissal. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th

---

[2] In their motions to dismiss, Defendants have made many other arguments supporting the dismissal of Plaintiffs' SAC. The Court does not address those arguments, as it has already held that dismissal under Rule 12(b)(6) is appropriate.

Cir. 2006). In this case, the Court holds that leave to amend would be futile—Plaintiffs have amended their complaint twice, and have still failed to cure the defects in the SAC. Moreover, as the scope of the allegations in the SAC are so general and conclusory as to encompass a wide swath of conduct, much of it innocent, the Court has no basis for concluding that Plaintiffs will be able to state a claim against these Defendants under the FDCPA, 18 U.S.C. § 1028 or Okla. Stat. tit. 21 sec. 1533.1.

V.      Conclusion

For the reasons listed above, Defendant's Motions to Dismiss (Docs. 44 and 45) are **DENIED** as to Lack of Jurisdiction and **GRANTED** as to Failure to State a Claim.

**IT IS THEREFORE ORDERED** that Plaintiffs' case is **DISMISSED**. A separate judgment of dismissal is entered herewith.

**DATED THIS 26th of February, 2019.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**TERENCE C. KERN**
　　　　　　　　　　　　　　　　**United States District Judge**