IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELBERT KIRBY and KAY KIRBY, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 17-CV-00224-TCK-FHM ) |
| TULSA COMMUNITY COLLEGE, BOARD OF REGENTS TCC AKA, PAUL CORNELL, ROBIN BALLENGER, MARTIN GARBER, SAMUEL COMBS, CARON LAWHORN, RONALD LOONEY, BILL MCKAMEY, BRYAN ALLEN PLANK, and PLANK LAW FIRM, Defendant. | ) ) ) ) ) ) ) ) ) ) |

## OPINION AND ORDER

Before the Court is Plaintiffs Elbert and Kay Kirby's Motion to Reconsider (Doc. 62). For the reasons discussed below, Plaintiffs' Motion is **DENIED**.

### I. Background

Plaintiff filed this action *pro se* on April 25, 2017. Defendants filed Motions to Dismiss on June 13, 2019 (Docs. 44 and 45), to which Plaintiffs never responded. The Court granted the Motions to Dismiss on February 26, 2019. (Doc. 60.) On March 7, 2019, Plaintiffs filed a Motion for Reconsideration, alleging that they never responded to Defendants' Motions to Dismiss because Defendants' attorneys never served Plaintiffs with those motions, and requesting the opportunity to respond now. (Doc. 62.)

### II. Motion for Reconsideration

Plaintiffs state that their Motion for Reconsideration is made under Federal Rule of Civil Procedure ("Rule") 59(e). (Doc. 62; Doc. 66, pg. 3; Doc. 67, pg. 4.) Accordingly, the Court finds

1

that it should be construed as a Motion to Alter or Amend Judgment. FED. R. CIV. P. 59(e). A Motion to Alter or Amend Judgment is warranted when there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted). A motion pursuant to Rule 59(e) is designed to permit relief in "extraordinary circumstances" only. *See Hill v. Mem'l. Drive United Methodist Church*, 17-cv-227-CVE-JFJ, 2018 U.S. Dist. LEXIS 69232, *4 (N.D. Okla. Apr. 25, 2018).

In this case, Plaintiffs seeks relief under the third ground, the need to correct clear error or prevent manifest injustice. "Manifest injustice" may reach serious misconduct of counsel when those improper actions have affected the outcome of the case. *Stapleton v. St. Francis Hosp., Inc.*, No. 10-cv-0806-CVE-FHM, 2011 U.S. Dist. LEXIS 133946, *9 (N.D. Okla. Nov. 21, 2011); 11 Charles Alan Wright et. al., *Federal Practice and Procedure* § 2810.1 (3d ed. 2018). The Court assumes, *arguendo*, that Defendants' counsel failing to serve Plaintiffs with their Motions to Dismiss would be serious misconduct which would affect the outcome of those motions. Accordingly, the Court must determine whether Defendants' counsel failed to serve Plaintiffs.

As the movant, Plaintiffs bear the burden of proof to show manifest injustice based on Defendants' attorneys' serious misconduct. *See Thymes v. Verizon Wireless, Inc.*, No. 16-66 KG/WPL, 2017 U.S. Dist. LEXIS 3846, *5-6 (D. NM. Jan. 9, 2017). Plaintiffs have failed to carry this burden. Though Plaintiffs contend that they were never served with copies of Defendants' Motions to Dismiss, they have provided no evidence or factual allegations to support these contentions. Defendants, however, have presented evidence that they served their Motions to Dismiss on Plaintiffs. Lead counsel for Bryan Allen Plank and Plank Law Firm ("Plank Defendants") Ryan A. Ray, has submitted an affidavit indicating that, at his direction, a member

of his staff served the Motion to Dismiss on Plaintiffs at their address of record. (Doc. 63-1, pg. 3.) Mr. Ray also attached a copy of his office's "Postage Audit Sheet," indicating that his office mailed something related to this case on June 13, the same date that his firm filed Plank Defendants' Motion to Dismiss online. (Doc. 63-1, pg. 8; Doc. 44, pg. 31.) Similarly, Defendants Tulsa Community College and TCC Board of Regents ("TCC Defendants") have presented the transmittal email from their counsel, Brad Brown, to the email address "followtherules@icloud.com," conveying the file-stamped copy of TCC Defendants' Motion to Dismiss. (Doc. 65-1.) This is the email address from which Plaintiffs communicated with Defendants' counsel. (Doc. 63, pg. 9-60; Doc. 66, pg. 3.) The email program lists as an attachment "[DOC 45] Motion to Dismiss Second Amended Complaint by TCC Defendants." (Doc. 65-1.) Additionally, in their Replies, Plaintiffs have presented no evidence and alleged no facts to rebut Defendants' evidence indicating that Plaintiffs were served with copies of these motions. Considering this evidence, Plaintiffs have not demonstrated that Defendants' attorneys failed to serve them.

Further, Plaintiffs' arguments in their Replies can be easily dismissed. First, Plaintiffs argue that TCC Defendants' email is fraudulent because "the copy submitted doesn't not [sic] have a file stamp leading the Plaintiff to question the construction and the disputable nature of said documents." (Doc. 67, pg. 3.) However, while TCC Defendants' motion does not bear the physical stamp that a document receives when it is filed in person, it does bear the electronic stamp that a document receives when it is filed online using the Federal Judiciary's Case Management/Electronic Case Files system, as this motion was. (Doc. 45, pg. 14.) Second, Plaintiffs argue that "[j]ust because the Defendant plead something does not mean it is proven." (Doc. 67, pg. 4.) However, it is Plaintiffs, as the movants, who bear the burden of proof.

3

Defendants must only show that Plaintiffs have failed to carry their burden, which Defendants here have done. Accordingly, Plaintiffs have failed to demonstrate extraordinary circumstances sufficient to permit relief, and their motion must be denied.

**III.     Conclusion**

For the reasons listed above, Plaintiffs Motion for Reconsideration (Doc. 62) is **DENIED**.

**DATED THIS 4th of April, 2019.**

**TERENCE C. KERN**
**United States District Judge**